JS 44 (Rev 11/04)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO

**DEFENDANTS**
AT&T SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David A. Rosenfeld
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

Attorneys (If Known)

EDL

E-filing  ADR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | [X] 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | 441 Voting | 510 Motion to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | Habeas Corpus: | 740 Railway Labor Act | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 443 Housing/Accommodations | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 444 Welfare | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 440 Other Civil Rights | 555 Prison Condition | | | 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Petition to Compel Arbitration

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: April 28, 2008    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

NDC-JS44

DAVID A. ROSENFELD, Bar No. 058163
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Petitioner
Communication Workers of America, AFL-CIO
District 9

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV No. 08  2211  EDL

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, | ) |
| Petitioner, | ) PETITION TO COMPEL ) ARBITRATION |
| v. | ) |
| AT&T SERVICES, INC. | ) |
| Respondent. | ) |

Petitioner respectfully submits:

1. Jurisdiction of this Court is based upon 29 U.S.C. § 185, 9 U.S.C. § 4 and 28 U.S.C. § 1337. This is a Petition to Compel Arbitration of a grievance arising under the terms of a Collective Bargaining Agreement between the parties.

2. Petitioner is a labor organization within the meaning of 29 U.S.C. § 152 representing members employed by and performing work for Respondent in the terms and conditions of their employment. Petitioner does business within this judicial district maintaining offices and providing services in San Rafael, Marin County, and other sites in the Bay Area. Petitioner maintains its principal office in Sacramento, California.

///

3. Petitioner is the umbrella organization of various locals of the Communication Workers of America ("CWA") in California, including CWA Local 9404. All grievances up to arbitration are handled by the local Unions, all matters requiring arbitration are handled by Petitioner.

4. Respondent AT&T Services, Inc. is an employer whose principal place of business is in San Ramon, Contra Costa County, California. Respondent is the successor to SBC and its subsidiary companies in California and Nevada and is engaged in industry affecting commerce within the meaning of 29 U.S.C. § 185.

5. A Collective Bargaining Agreement ("CBA") between Petitioner and SBC exists for the period April 4, 2004 though April 4, 2009. As successor to SBC, Respondent is bound to the terms and conditions set forth in the CBA. The CBA provides for grievance and arbitration procedures in Article 7, § 7.05, *et seq.*, a true and correct copy of which is attached as Exhibit 1.

6. In or about July 2007, a grievance arose between CWA Local 9404 and Respondent, known as the SBC/att 07-404-035, Kim Gravette, Subcontracting of Cable Work grievance ("Subcontracting Grievance"). Local 9404 attempted to process and did process the grievance through the grievance procedure set forth in Article 7, § 7.05 of the CBA. Respondent refused to participate in the grievance procedure claiming that the subcontracting of cable work was a single action for the Northern California region and that it was not obligated to hear multiple grievances on a single action and would not hear the Subcontracting Grievance filed by Local 9404 because another CWA Local in San Jose filed a similar grievance.

7. Despite Respondent's refusal to participate in the grievance process, on or about October 23, 2007, Petitioner notified Respondent of its intent to arbitrate the Subcontracting Grievance.

8. On or about November 9, 2007, and again on December 12, 2007, Respondent notified Petitioner that the Subcontracting Grievance would not be added to the arbitration list and reiterated its position that it was not obligated to hear multiple grievances on a single issue. Respondent further advised Petitioner that because it made an announcement regarding the company's intent to subcontract cable locating work in December 2006, Local 9404's

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 2 -
Petition to Compel Arbitration

1  Subcontracting Grievance was untimely.

2      9.    The above disputes are plainly arbitrable under the CBA.   Issues of the timeliness
3  of Local 9404's Subcontracting Grievance and whether Respondent is required to hear that
4  grievance are procedural issues that must be resolved by an arbitrator.   *John Wiley & Sons, Inc. v.*
5  *Livingston*, 376 U.S. 543 (1964); *International Union of Operating Engineers, Local 150, AFL-*
6  *CIO*, 406 U.S. 487 (1982).

7      10.    The failure and refusal of Respondent to arbitrate the Subcontracting Grievance
8  filed by Local 9404 is a clear violation of its statutory duty to arbitrate.   Respondent's refusal to
9  arbitrate is without any justification and is disruptive to labor relations.   As such, Respndent has
10 acted in bad faith, and an award of attorneys' fees is appropriate if not compelled.   *United Food &*
11 *Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1383 (9th Cir. 1983); *International*
12 *Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425
13 (9th Cir. 1983).

14 WHEREFORE the Petitioner prays that this Court issue an order compelling the
15 Respondent AT&T to arbitrate the dispute known as the SBC/att 07-404-035, Kim Gravette,
16 Subcontracting of Cable Work grievance   Petitioner furthermore requests the Court award
17 attorneys' fees and costs for the refusal of AT&T to arbitrate this grievance.   Petitioner further
18 prays for such other relief as is deemed just and proper.

19 Dated:   April 28, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
DAVID A. ROSENFELD
ROBERTA D. PERKINS
Attorneys for Petitioner

118653/490549

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -
Petition to Compel Arbitration

# 2004 CONTRACT



**Communications Workers of America**



**Pacific Telesis Group**
**Pacific Bell**
**Nevada Bell**

Advanced Solutions, Inc.
Pacific Bell Home Entertainment
Pacific Bell Information Services – MNG
SBC Services, Inc.
SBC Telecom, Inc. in Las Vegas
SBC Telecom, Inc. – Network Operations

Effective April 4, 2004
Expiration Date April 4, 2009



**EXHIBIT 1**

Subsequently, where agreement is reached, communication to the employees will be conducted jointly by the manager and the Union representative. In all cases, communication to the affected employees will not occur prior to a discussion with the appropriate Union representative.

B. When an employee is trending toward disciplinary action for job performance, for example attendance, quality, quantity, etc., management will normally involve the Union and solicit its input and assistance. The manager and the Union representative will work jointly to identify and eliminate the cause of the employee's problem to prevent it from recurring.

C. When a Union representative identifies an issue or dispute in the work area, he or she will interact with the appropriate manager in the work area. An effort should be made by both parties to resolve the problem.

## Section 7.04    UNION PRESENTATION

The grievance procedure is designed to provide a timely, energy effective way of insuring equality and fairness in resolving disputes which have not been resolved through informal efforts. The Companies and the Union agree that it is their objective to resolve all grievances at the lowest level. The presentation of a grievance must be made in writing as described in Section 7.05C1a and in accordance with the time limitations specified below to be eligible for handling under the provisions of Sections 7.05 and 7.09:

A. Grievances concerning the impact of new, changed or deleted methods and/or procedures intended for department-wide application must be presented within sixty (60) calendar days of the date of the Companies' notification to the Union of their intent to take such action or, within thirty (30) calendar days from the occurrence that an employee is affected by the change, whichever date is later.

B. All other grievances must be presented within thirty (30) calendar days from the first occurrence of the action or within thirty (30) calendar days from the date of discovery.

## Section 7.05    GRIEVANCE PROCEDURE

In keeping with the Companies' and the Union's objective to resolve all grievances at the lowest level, an employee may present his or her

grievance to a Union representative who will process it according to the following:

A. A grievance involving the dismissal of any Regular or Term employee or a grievance involving disciplinary action other than dismissal of any employee will be presented as follows:

1. Step I – To the employee's immediate supervisor or, if appropriate, the manager who took the action. Two (2) paid Union representatives designated by the Local may attend this meeting. If the grievance is not resolved, it will be referred to:

2. Step II – District Level Manager (or equivalent title/skip level organizations). Three (3) paid Union representatives designated by the Local may attend this meeting to attempt to resolve the grievance. Only grievances involving the dismissal of a Regular or Term employee, which are not resolved, will be referred to Step III.

NOTE: The Step II meeting regarding any grievance may be omitted by mutual agreement.

3. Step III – (Dismissal grievances only) Department AVP (or equivalent title/skip level organizations) and Local President or either of their designated representatives. Two (2) paid Union representatives designated by the Local may attend this meeting to attempt to resolve the grievance.

NOTE: If the Step II meeting regarding the dismissal of a Regular or Term employee has been omitted, a maximum of three (3) paid Union representatives designated by the Local may attend the Step III meeting.

B. A grievance involving matters other than discipline will be presented as follows:

1. Step I – To the manager who approved the action. Two (2) paid Union representatives designated by the Local may attend this meeting. If the grievance is not resolved, it will be referred to:

2. Step II – The next level of management above the manager who heard the grievance at Step I (no lower than District Level or higher than Department Vice President or equivalent title/skip level organizations) and Local President or either of their designated representatives. Three (3) paid Union representatives

ARTICLE 7

C. Step I Grievances will be processed according to the following method:

1. Prior to the Step I Meeting

   a. The Union's written presentation of the grievance to management will include the nature of the grievance; the date of the occurrence; the contractual article/section alleged to have been violated, if applicable, or if not applicable, the source of the alleged violation (e.g., MOA name or number, discipline, documentation); the name of the grievant; and the remedy sought. Presentation must be made in accordance with the time limits stated in Section 7.04.

   b. Management will provide the Union with any information and/or reasons used as a basis for the grieved action no later than ten (10) calendar days following presentation of the grievance. This requirement to share information and/or reasons for the grieved action applies whether or not a Step I meeting is held.

2. Holding the Step I Meeting

   a. Management will hold the meeting within fifteen (15) calendar days following presentation of a grievance.

   b. Both parties should make every effort to ensure that a Step I meeting is held. However, in those circumstances where a Step I meeting is not held within fifteen (15) calendar days, as stated in Section 7.05C2a and no mutual agreement to extend the time limit is reached, or where there is mutual agreement to omit the Step I meeting, the grievance shall be considered denied by management and will then be escalated to Step II of the Grievance Procedure.

   NOTE: If the Step I meeting is not held, management is required to provide the information specified in Section 7.05C1b.

3. Following the Step I Meeting

   a. Management will inform the Union of the Company's position and rationale at the conclusion of the Step I meeting.

86

D. Step II grievances will be processed according to the following method:

1. Prior to the Step II Meeting

   a. The Union will notify the Company in writing of its intent to escalate the grievance to Step II within thirty (30) calendar days following the Step I meeting, or the date when the Step I meeting should have been held as stated in Section 7.05C2a.

   b. The Union's failure to notify the Company, of its intent to escalate the grievance, within the time limit stated in Section 7.05D1a, will result in the grievance being considered withdrawn from the Grievance Procedure.

2. Holding the Step II Meeting

   a. Management will hold the Step II grievance meeting within thirty (30) calendar days of receipt of the Union's written intent to escalate the grievance.

   b. Failure to hold the Step II meeting within the time limit stated in Section 7.05D2a, or when no mutual agreement to extend the date has been reached, will result in the grievance being deemed as settled in favor of the Union. However, the settlement cannot exceed what an arbitrator would have awarded under Sections 7.12 and 7.14.

3. Following the Step II Meeting

   a. Management will send the Step II Company position to the Union and the appropriate Labor Relations Director, in accordance with Section 7.07, at the final disposition of the Step II meeting for grievances involving issues other than dismissal.

   b. Management will inform the Union of the Company's position and rationale at the conclusion of all Step II meetings involving dismissal grievances.

E. Step III grievances (DISMISSAL GRIEVANCES ONLY) will be processed according to the following method:

1. Prior to the Step III Meeting

ARTICLE 7

87

a. The Union will notify the Company in writing of its intent to escalate the grievance to Step III within thirty (30) calendar days following the final disposition of the Step II meeting or the date it was mutually agreed to omit the Step II meeting.

b. The Union's failure to notify the Company of its intent to escalate the grievance, within the time limits stated in Section 7.05E1a, will result in the grievance being considered withdrawn from the Grievance Procedure.

2. Holding the Step III Meeting

   a. Management will hold the Step III grievance meeting within thirty (30) calendar days of receipt of the Union's written intent to escalate the grievance.

   b. Failure to hold the Step III meeting within the time limit stated in Section 7.05E2a or when no mutual agreement to extend the date has been reached, will result in the grievance being deemed as settled in favor of the Union. However, the settlement cannot exceed what an arbitrator would have awarded under Sections 7.12 and 7.14.

3. Following the Step III Meeting

   Management will send the Step III Company position to the Union and the appropriate Labor Relations Director in accordance with Section 7.07.

F. Pending final settlement of the grievance, the Companies shall not thereafter deal directly with the employee concerning said grievance without Union concurrence, but shall deal directly with the Union representative.

### Section 7.06    SHARING INFORMATION

A. During the Step I meeting, the Companies and the Union will identify appropriate areas of concern. During Step I and Step II meetings, the Companies and the Union will share facts deemed relevant to the grievance by either party.

B. Disputes over relevancy of information and photocopies will be resolved as follows:

88

---

1. The request should be presented in writing to the manager. If the dispute is not resolved at this level within seven (7) calendar days, it shall be referred to:

2. The Local Union Officer and District Manager level. If not resolved at this level within seven (7) calendar days, it shall be referred to:

3. The National Union Representative and Labor Relations Director level. If not resolved at this level within seven (7) calendar days, the Union may elect to:

4. Arbitrate the issue under the provision of Section 7.10.

C. The Companies reserve the right to charge the Union for the cost of the photocopies including the wages of the operator of the copying equipment in the event the volume of requests become substantial.

### Section 7.07    COMPANY POSITION

The Step II or Step III Company position (as described in 7.05D3 and 7.05E3) shall be sent by certified mail to the National and Local Union in writing within five (5) calendar days of the final Step II or Step III grievance meeting. A copy will also be sent to the appropriate Labor Relations Director.

### Section 7.08    UNRESOLVED UNION PRESENTED GRIEVANCES

Any grievance not resolved under Subsections 7.05A and **7.05B** may be taken to arbitration under the provisions of Sections 7.10 or 7.15.

### Section 7.09    EMPLOYEE PRESENTATION

A. An employee may present his or her grievance to the employee's immediate supervisor within thirty (30) calendar days from the first occurrence, and to other successive levels of management up to and including the Department Manager (or authorized representative) as may be required to resolve the grievance without Union intervention.

B. The resolution of an employee grievance may not be inconsistent with the terms of this Contract. A Union representative will be given an opportunity to be present at the resolution of any employee grievance concerning the interpretation or application of the terms of this Contract.

89

ARTICLE 7